IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CR-13-2-BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DERRICK LAMONT DAVIS | ) | |

This cause came before the undersigned on May 30, 2018, at Raleigh, North Carolina for hearing on the government's appeal of the order of United States Magistrate Judge Robert B. Jones, Jr., setting conditions of release pending trial for defendant Davis. The Court heard evidence and argument from counsel, and, having considered the evidence and argument in addition to the relevant statutory factors, orders defendant detained pending trial.

## DISCUSSION

The Court reviews *de novo* an order entered by a magistrate judge detaining or releasing a defendant pretrial. 18 U.S.C. § 3145; *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989). In determining whether there are conditions of release that will reasonably assure the appearance of the defendant at trial and the safety of any other person and the community, the Court must consider the factors set forth in 18 U.S.C. § 3142(g).

Defendant Davis is charged with conspiring to possess with intent to distribute one hundred grams or more of heroin in violation of 21 U.S.C. §§ 846, 841(a)(1) and possession with intent to distribute one hundred grams or more of heroin on March 4, 2016. There is no dispute that 18 U.S.C. § 3142(e) provides for a presumption that there is no condition or combination of conditions that will reasonably assure the appearance of defendant and the safety of the community in this

case. Section 3142(e)'s rebuttable presumption shifts the burden of production but not persuasion to the defendant; in order to rebut the presumption the defendant must produce some evidence, but "the mere production of evidence does not completely rebut the presumption." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992).

The Court has considered the testimony of defendant's mother, Mrs. Clark-Hilliard, who was offered as a third-party custodian, and finds that defendant has failed to rebut the presumption of detention. Mrs. Clark-Hilliard's testimony revealed that both she and her husband work full-time outside of the home, including some weekends, and thus would be unable to sufficiently monitor the activities of the defendant. Two of defendant's small children also live in Mrs. Clark-Hilliard's home, and there is a threat to their safety should defendant engage in any criminal behavior or associations while on release.

Moreover, the statutory factors to be considered further support a finding that pretrial detention is appropriate even if the evidence presented by defendant were to be considered sufficient to rebut the presumption of detention. Defendant is charged with conspiracy to possess and distribute over $160,000 worth of heroin, and Detective Weaver, the investigating agent, testified that defendant gave an unprotected statement after his arrest admitting that he and his co-defendant dealt in large quantities of heroin and that a search of the residence where defendant was living uncovered equipment typically used in the sale and processing of heroin, including gloves, masks, and baggies. The seriousness of the charges against defendant and the weight of the evidence against him support that pretrial detention is appropriate.

Accordingly, in light of the evidence presented, the Court finds that the government has sufficiently demonstrated that there are no are conditions of release that will reasonably assure the

appearance of the defendant at trial and the safety of any other person and the community and that detention pending trial is therefore appropriate.

Defendant is hereby committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this __1__ day of June, 2016.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3